IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN GREYGOR, Administrator of the Estate of Derek T. Guidos, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., BUTLER HEALTH SYSTEM, INC., BUTLER HEATLHCARE PROVIDERS, trading and doing business as BUTLER MEMORIAL HOSPITAL and BUTLER COUNTY, <br><br> Defendants. | Civil Action No. 2:14-cv-01254-NBF <br><br> **JUDGE NORA BARRY FISCHER** <br><br><br> **ELECTRONICALLY FILED** <br><br><br><br><br> **JURY TRIAL DEMANDED** |

### BUTLER COUNTY'S
### MOTION FOR SUMMARY JUDGMENT

AND NOW, comes BUTLER COUNTY, one of the defendants, by and through its undersigned counsel, JonesPassodelis, PLLC, and moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure for the following reasons.

1.      This civil action is a claim for medical negligence against co-defendants Wexford Health Sources and Butler Memorial Hospital, and a civil rights action brought pursuant to 42 U.S.C. § 1983 against Butler County and Wexford Health Sources alleging deliberate indifference to serious medical needs. *See* Amended Complaint (ECF Doc. 31).

2.      Claims against Butler County Commissioners McMaster, Eckstein, and Pinkerton and former Butler County Warden Shaffer were dismissed by Order of Court dated December 23, 2014. (ECF Doc. 34).

3.      A *Monell* claim remains against Butler County itself. As is set forth in detail in the accompanying Brief in Support, summary judgment should be entered in the County's favor

{W0086866.1}

because there is no evidence of any county employee violating Mr. Guidos's civil rights. Consequently, no policy, practice or procedure of the County could have been the moving force in causing a violation.

4.      The record documents numerous instances of correctional officials alerting the medical staff to Mr. Guidos's condition. The evidence of record is replete with documentation of Wexford Health Sources, the contracted medical provider, examining and caring for Mr. Guidos. A non-medical correctional official is entitled to rely upon the medical judgments of the medical provider.

5.      Because of the lack of evidence of an underlying violation by a correctional officer, Plaintiff may attempt to argue that Mr. Guidos's being housed in the Processing area of the jail on three evenings somehow renders the County liable for deliberate indifference.

6.      Where an inmate is housed in the jail is not the relevant consideration.  The issue is whether or not the medical staff examined the inmate and believed it was appropriate for him to remain in the jail as opposed to being transported to the hospital. Correctional officials can rely upon the medical staff's judgment regardless of where in the jail an inmate is housed.

7.      Here, the evidence documents that the medical staff examined Mr. Guidos repeatedly over the course of several days, believed he was constipated, and that his condition could be appropriately treated in the jail. Housing him in the Processing unit for a fraction of his incarceration does not change the officer's ability to rely upon the medical staff's determination. The officers were not required to second-guess the diagnosis of medical professionals.

8.      It is anticipated that Plaintiff will argue that Butler County should be held liable because the Medical Department was not staffed from 10:00 p.m. until 6 a.m. This, too, does not rise to the level of a civil rights violation.

9.      The evidence of record is that inmates could be sent to the hospital 24 hours a day.  Wexford Health remained available to discuss medical issues 24 hours a day.

10.     There is no statutory or case law requirement that a small county jail like the Butler County Prison have medical staff on-site around the clock.  The staffing levels in question were approved by the Pennsylvania Department of Corrections.

11.     A theory premised on not having a medical staff member on site 24 hours a day would also fail for lack of causation. The medical staff, who saw Mr. Guidos repeatedly during the course of his incarceration, did not believe that he needed to go to the hospital until his condition worsened on the afternoon of November 11, 2012. If that same medical staff had been present 24 hours a day, there is no basis to conclude that they would have formed a different opinion about whether Mr. Guidos should have been in the hospital.

12.     Further, there is no evidence that this staffing level was the product of deliberate indifference.  There is no evidence that at the time in question a County official with final decision-making authority was aware that the staffing levels were inadequate, and yet approved them for the purpose of denying treatment for inmates' serious medical conditions.

13.     It is anticipated that Plaintiff will criticize Butler County because correctional officers did not complete the BAU check sheets when Mr. Guidos was in Processing on the evenings of November 7 and 10, 2012.  However, check sheets are correctional, not medical documents.  The medical staff does not review or rely upon check sheets.  Because check

sheets are not relied upon by the medical staff, any claim premised on them would fail for lack of causation.

14.     Further, any such theory would fail under *Monell*. There is no express written policy relating to failing to complete check sheets. There is no evidence that an individual with final policymaking authority ordered officers not to fill out a check sheet for Mr. Guidos. There is no evidence of a pattern or practice of officers not completing check sheets for inmates nor is there evidence that the failure to complete the sheets for a few entries impacted the care Guidos received.

15.     Finally, it is anticipated that Plaintiff will allege that Butler County should be held liable because it allegedly violated a Pennsylvania regulation, 37 Pa. Code § 95.232(7), arguing that the County did not perform sufficient annual review of the health care system to ensure that adequate health care was being provided to its inmates.

16.     It is well-settled that a violation of a state statute cannot be enforced via Section 1983. Even if a violation of this state regulation could create a legally-cognizable cause of action, the County did not violate that regulation. The DOC inspected the Butler County Prison in 2011 and 2013 (but not 2012). No violations of this requirement were found.

17.     Even if it did, it would not have made a difference. The regulation requires that jail policy include an annual review of healthcare. Wexford Health was not in the jail for a year by the time of Mr. Guidos's incarceration. Any prior review would have been of the prior health care provider. Any review of Wexford Health that would have occurred after Mr. Guidos's death would have changed nothing with regard to his care. Such a claim fails for lack of causation.

WHEREFORE, summary judgment is appropriately entered in Butler County's favor.

JONESPASSODELIS, PLLC

BY:  s/Michael R. Lettrich
     MICHAEL R. LETTRICH, Esquire
     PA I.D. No. 80635
     E-Mail: mlettrich@jonespassodelis.com

     MARIE MILIE JONES, Esquire
     PA I.D. No. 49711
     E-Mail: mjones@jonespassodelis.com

     JEFFREY COHEN, ESQUIRE
     PA I.D. No. 76512
     E-mail: jcohen@jonespassodelis.com

     Gulf Tower, Suite 3510
     707 Grant Street
     Pittsburgh, PA  15219
     Phone:  (412) 315-7272
     Fax:  (412) 315-7273

     Counsel for Defendant,
     BUTLER COUNTY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record by:

\_\_\_\_\_   U.S. First Class Mail, Postage Paid

\_\_\_\_\_   Hand Delivery

\_\_\_\_\_   Certified Mail, Return Receipt Requested

\_\_\_\_\_   Facsimile Transmittal

\_\_\_\_\_   UPS Delivery

\_\_X\_\_   Electronic Filing/Service

at the following address:

Doug J. Olcott, Esquire
DALLAS W. HARTMAN, P.C.
201 Green Ridge Drive
New Castle, PA 16105
*(Counsel for Plaintiff)*

Joshua P. Geist, Esquire
GOODRICH & GEIST, P.C.
3634 California Avenue
Pittsburgh, PA 15212
*(Counsel for Plaintiff)*

Arthur J. Murphy, Jr., Esquire
Peter J. Taylor, Esquire
MURPHY TAYLOR
326 Third Avenue
Pittsburgh, PA 15222
*(Counsel for Wexford Health Sources, Inc.)*

James W. Kraus, Esquire
John A. Schwab, Esquire
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
*(Counsel for Butler Health System, Inc. and Butler Healthcare Providers t/d/b/a Butler Memorial Hospital)*

JONESPASSODELIS, PLLC

Date:  December 4, 2015

 s/Michael R. Lettrich_____
MICHAEL R. LETTRICH, Esquire
MARIE MILIE JONES, Esquire
JEFFREY COHEN, Esquire

Counsel for Defendant,
BUTLER COUNTY

{W0086866.1}