**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LYNN GREYGOR, Administrator of the | ) | |
| Estate of Derek T. Guidos, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14-cv-1254 |
| | ) | Hon. Nora Barry Fischer |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| BUTLER HEALTH SYSTEM, INC., | ) | |
| BUTLER HEALTHCARE PROVIDERS, | ) | |
| trading and doing business as | ) | |
| BUTLER MEMORIAL HOSPTIAL, | ) | |
| BUTLER COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

### I.    INTRODUCTION

Plaintiff Lynn Greygor ("Plaintiff"), Administratrix of the Estate of Derek T. Guidos ("Guidos"), brings this action against Defendants Wexford Health Sources, Inc. ("Wexford"), Butler Health System, Inc. ("Butler Health"), Butler Healthcare Providers t/d/b/a Butler Memorial Hospital ("Hospital"), and Butler County (collectively "Defendants") alleging negligence (against Wexford, Butler Health, and the Hospital), corporate negligence (against Butler Health and the Hospital), and violation of civil rights (against Butler County and Wexford). (Docket No. 31 at ¶¶ 42-69).

Presently pending before the Court is Defendant Wexford's Motion For Leave to Amend Answer to Complaint. (Docket No. 71).  For the reasons set forth below, Defendant Wexford's Motion to Amend Answer to Complaint will be GRANTED.

### II.    FACTUAL BACKGROUND

According to Plaintiff's Amended Complaint, Plaintiff's son, Guidos, was an inmate of the Butler County Prison from October 8, 2012 through November 11, 2012. (Docket No. 31 at ¶ 17). As early as November 6, 2012 and while an inmate, Guidos began exhibiting signs of serious medical need, including nausea, diarrhea, and vomiting. (*Id.* at ¶ 18). He was then seen and treated by Wexford personnel, which were under contract to provide certain services to the prison at the time. (*Id.* at ¶ 44). Guidos' subsequent requests for medical care were ignored until November 11, when he was transported to the emergency department at Butler Hospital. (*Id.* at ¶¶ 19-20). Guidos complained of severe abdominal pain and a CT scan of his abdomen was ordered and completed. (*Id.* at ¶¶ 21, 23, 24). The CT scan showed a small bowel obstruction, and Guidos was diagnosed with such hours later. (*Id.* at ¶¶ 26, 32). Guidos then was admitted to Butler Hospital, where he remained in acute distress. (*Id.* at ¶¶ 35-36). He was not seen by the attending physician until 4:00 p.m. the next day, and was taken for emergency surgery two hours thereafter. (*Id.* at ¶¶ 37-38). On November 12, 2012 at approximately 6:15 p.m., upon administration of anesthesia Guidos went into cardiac arrest and died. (*Id.* at ¶ 39). As a result of the death of her son, Plaintiff claims all appropriate damages under the Pennsylvania Survival Act, 42 Pa.C.S.A. § 8302 and the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301. (*Id.* at ¶ 41).

III.    PROCEDURAL HISTORY

Plaintiff filed her Amended Complaint (Docket No. 31) on December 12, 2014 in response to Defendants' Motion to Dismiss, (Docket No. 21), and Wexford filed its Answer on December 30, 2014. (Docket No. 37). On January 13, 2015, the Court issued a Case Management Order, setting June 1, 2015 as the deadline for completion of fact discovery and March 2, 2015 as the deadline for any motions to add new parties or amend pleadings. (Docket

No. 41 at ¶ 8). Following a motion by Butler Health and the Hospital (Docket No. 48), who are now arguing against granting Wexford additional time to amend its answer, the Court extended the deadline for filing motions to add new parties or amend pleadings to March 23, 2015. (Docket No. 49). The Court also extended discovery to September 1, 2015, following a joint motion. (Docket Nos. 51 & 52).

A post fact discovery status conference was held on September 2, 2015, during which counsel generally agreed that discovery and a possible deposition should be concluded by September 16, 2015. (Docket No. 60). A court-ordered mediation was held on October 29, 2015. At the conclusion of the mediation, the mediator filed his Report of Neutral, stating that the Plaintiff, Butler Health, and the Hospital "have settled their portion of the case and will enter into a joint tortfeasor release." (Docket No. 61). Wexford subsequently filed the instant Motion for Leave to Amend Answer to Complaint and a Brief in Support thereof on December 30, 2015, wherein Wexford requests leave to plead "release" as an affirmative defense to the amended complaint and to assert a cross-claim, pursuant to FED. R. CIV. P. 13(g) against the Hospital. (Docket No. 71 at ¶¶ 9-11; Docket No. 72). Wexford seeks to assert said cross-claim in order to "preserve [its] opportunity to assert sole or joint or several liability" against the Hospital at trial, under the Uniform Contribution Among Tort-Feasors Act (hereafter "Act").[1] (Docket No. 72 at 3). Butler Health and the Hospital filed a Response in Opposition thereto on January 17, 2016, (Docket No. 77), and Wexford filed its Reply on January 15, 2016 (Docket No. 78).[2] Argument on the instant motion was heard on January 28, 2016.[3] (Docket No. 83). Defendants Butler Health System, Inc. and Butler Healthcare Providers t/d/b/a Butler Memorial Hospital filed their

---

[1] Act of July 9, 1976, P.L. 586, No. 142, *codified at* 42 Pa. C.S.A. §§ 8321-27.
[2] The Hospital does not oppose Wexford's Motion to Amend for the purpose of pleading the benefits of the joint tortfeasor release entered into between Plaintiff and the Hospital. (Docket No. 77 at 3).
[3] The transcript from said argument was not ordered.

Amended Complaint on February 26, 2016. (Docket No. 88). Attached thereto is the Release entered into between Plaintiff and said Defendants. (Docket No. 88-1). The Court now turns to Wexford's motion.

IV. LEGAL STANDARDS

A party seeking leave to amend the pleadings after the deadline set by the Court's case management order must satisfy the requirements of Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See Walker v. Centocor Ortho Biotech, Inc.*, 558 Fed. App'x 216, 221-22 (3d Cir. 2014) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)). A case management order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Good cause requires a demonstration of due diligence. *Race Tires Am., Inc.*, 614 F.3d at 84. "Many courts have recognized that '[w]here . . . the party knows or is in possession of information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.'" *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010) (Fischer, J.) (quoting *Price v. Trans Union, LLC*, 737 F.Supp.2d 276, 280 (E.D. Pa. 2010)).

Only after the moving party demonstrates good cause under Rule 16(b)(4) may the Court consider its Motion to Amend under Rule 15's standard. *See Walker*, 558 Fed. App'x at 221-22 (citing *Race Tires Am., Inc.,* 614 F.3d at 84). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R.. CIV P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations omitted). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing

*Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Id.* (citing *Lorenz v. CSK Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). Further, "[i]t is well-settled that prejudice to the non-moving party is the touchstone for the denial of [leave to file] an amendment." *Cornell & Co. v. Occupational Safety and Health Review Com'n*, 573 F.2d 820, 823 (3d Cir. 1978) (citations omitted). "As to prejudice, the Court of Appeals has 'considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Graham*, 271 F.R.D. at 122 (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.'" *Id.* (quoting *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 700 (E.D. Pa. 2007)). The test under Rule 15(a) "is in the disjunctive, meaning that if [Defendants] meet[] [their] burden to prove any one of these elements, the [amendment] should not be permitted." *Id.*

V.     DISCUSSION

Defendant Wexford's primary argument in support of its Motion to Amend is that in a joint tortfeasor release situation,[4] the non-settling defendant has the right to retain the settling defendant in the case because, if the jury should find the settling defendant to be a joint tortfeasor, the non-settling defendant's responsibility will be proportionately reduced. (Docket No. 72 at 3-4). In support, it cites some of the opinions against the Hospital, given by Plaintiff's expert. (*Id.* at 4). Then, Wexford argues that there was no undue delay in its seeking leave to amend (*Id.* at 4), as the Hospital had yet to provide it with a copy of the Release, even though

---

[4] Wexford is an alleged joint tortfeasor with Butler Health and the Hospital only on the negligence claims, which include medical practice. *See* Act; *see generally* Medical Care Availability and Reduction of Error (MCARE) Act, Act of Mar. 20, 2002 (as amended), P.L. 154, No. 13, *codified at* 40 P.S. §§ 1303.101–910, as Plaintiff only brings negligence claims against Butler Health and the Hospital, whereas Plaintiff has also asserted § 1983 claims against Wexford.

Wexford requested it.[5] (*Id.* at 4).  It also contends that the instant motion is not brought in bad faith because it only could assert the defense of release after the Hospital's recent settlement with Plaintiff became known.  Finally, it argues that it would be substantially prejudiced if the instant motion is denied. (*Id.*).

Butler Health and the Hospital respond that Wexford already possessed Guidos' health records from his stay at the hospital on the date that the Case Management Order was issued, and thus, Wexford should have asserted a cross-claim much earlier. (Docket No. 77 at 2). Additionally, they argue that this late joinder flies in the face of the Court's ADR program and the Court's policy favoring early settlement negotiations.  (Docket No. 77 at 5).  They also argue that Wexford's cross-claim will require additional defense expenditures.

Wexford counters that there were innumerable additional facts later revealed in discovery and that those facts were beyond that which was contained in the medical records from the Hospital that it previously possessed. (Docket No. 78 at 2).  It also asserts that it received Plaintiff's expert report only one week before the mediation, scheduled for October 29, 2015. Therein, it read: "upon presentation to Butler Hospital . . . Derek Guidos had a reversible and treatable surgical emergency.  Twenty four hours later that was not the case." (Docket No. 78 at 2; Docket No. 71-2 at 2).

Butler Health and the Hospital claim that Wexford never gave any indication that it intended to assert a cross-claim[6] and that Wexford never asked the Court to extend the deadline

---

[5] Similarly, at no time did anyone provide the Court with a copy of the release, until Friday, February 26, 2016 (Docket No. 88-1) which was only after the Court ordered Butler to do so by filing its Amended Answer. (Docket No. 87).
[6] However, in Paragraph 77 of its Answer to Amended Complaint (Docket No. 37), its Tenth Affirmative Defense, Wexford plead "[a]ny delay in the provision of medical care to Plaintiff's decedent's for decedent's complaints and symptoms resulted from the conduct of persons or entities over whom Defendant Wexford had no control or right of control and for whom Defendant Wexford is not vicariously liable."  (emphasis added). Given Wexford's pleading, Butler Health and the Hospital should have known that cross-claims were possible in this case.  Of note, Butler and the Hospital asserted affirmative defenses that Plaintiff's damages were caused by intervening and superseding

for adding parties or amending pleadings. (Docket No. 77 at 2). They cite *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 304 (3d Cir. 2000) (affirming district court's denial of motion for leave to amend, which was filed six months after the applicable deadlines had expired, based on movant's failure to demonstrate good cause for the delay) and *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 590 F.Supp.2d 1093, 1098 (N.D. Iowa 2008) (stating, "[w]hen leave to amend is sought only after the deadline for amendments in a Rule 16 scheduling order . . . the request for leave to amend also implicates Rule 16(b)'s 'good cause' requirement."). They maintain that their settlement with Plaintiff, and the potential for apportionment among joint tortfeasors at trial, does not provide an adequate basis to amend an answer in order to assert a cross-claim at this late date. (Docket No. 77 at 4). They also assert that had they known that Wexford would eventually assert a cross-claim, they may not have entered into a settlement agreement in the first place. (*Id*. at 4-5).

In this Court's estimation, Wexford has articulated good cause for its delayed motion for leave to amend, although filed several months after the Court's deadline of March 23, 2015. Wexford has also exhibited due diligence as required by Rule 16(b)(4) in seeking leave to amend its Answer and to assert a cross-claim, as soon as practicable, taking into account the timing of the settlement. Wexford admits that it had records of Guidos' medical care at the Hospital at the time it filed its answer (Docket No. 77 at 2), but it was unaware of Plaintiff's expert's opinions until shortly before the mediation. (Docket No. 78 at 2). Although Wexford seeks to add an additional claim to this action, said claim mirrors the claim recently settled between Plaintiff and

---

causes (Docket No. 38 at ¶¶ 72, 79). Given their stance alone, they should have realized that reciprocal arguments were plausible and should have anticipated a potential cross-claim.

the Hospital and thus should not prejudice any party in preparing for trial.[7]  Admittedly, doctors,

nurses, or other employees of the Hospital or Butler Health may have to provide testimony at

trial and, if so, counsel will likely have to prepare them and appear with them.   That would be

the case whether they remained a party or whether their employees are called as witnesses by any

of the remaining parties.   Moreover, given indemnification language in the Release, Plaintiff is

limited in her recovery against Butler Health and the Hospital.  (Docket No. 88-1).

In *Graham*, this Court previously found that there was no good cause when a motion for

leave was based on alleged newly discovered evidence that had not actually been newly

discovered. *Graham*, 271 F.R.D. at 119-20.  The instant case, however, is comparable to *Gaston*

*v. Caugherty*, 2015 WL 8601232, at *6 (W.D. Pa. Dec. 14, 2015), in which this Court found

good cause for a plaintiff to amend in order to cure possible pleading deficiencies as attacked by

motions to dismiss, even though the deadline for doing so had passed.   It is also similar to

*Wainwright v. City of Sharon*, 2016 WL 110015, at *4 (W.D. Pa. Jan. 11, 2016) where this Court

found good cause when plaintiffs, after the deadline in their case had expired, were seeking

"merely to utilize facts adduced during discovery to clarify and refine their claims in response to

the deficiencies highlighted in Defendants' motion."   Like the plaintiffs in *Gaston* and

*Wainwright*, Wexford has shown good cause why it should be granted leave to amend, even

though its motion appeared to be late. In addition, parties can always amend to conform to the

evidence, even during or after trial.[8]  *See e.g., Werner v. Werner,* 267 F.3d 288, 297 (3d Cir.

---

[7] No trial date has been set.  Summary judgment motions are scheduled to be argued March 17, 2016. (Docket No. 86).  The Court will not likely rule on said motions any sooner than mid-May or early June 2016, given the Court's current trial schedule and caseload.  Accordingly, all parties have sufficient time to prepare to defend against this cross-claim which is now being asserted.

[8] The Court notes that Pennsylvania law is to the same effect. Indeed, Pennsylvania Courts have adopted a liberal standard for granting leave to amend pleadings.

> "Pleadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Biglan v. Biglan,* 479 A.2d 1021, 1025-1026 (Pa.

2001) (plaintiffs granted leave to amend during pendency of appeal because plaintiffs obtained defendant's meeting minutes after district court dismissed the complaint); *ScanSource, Inc. v. Datavision–Prologix, Inc.,* 2009 WL 973497 (E.D. Pa. Apr. 8, 2009) (amendment allowed pleading to conform to evidence produced in discovery); *N'Jai v. E.P.A. et. al*, 2014 WL 6612899, at *4 n.7 (W.D. Pa. Nov. 20, 2014) (Fischer, J.) (pursuant to FED. R. CIV. P. 15(b)(2), after the conclusion of discovery, party may be able to amend pleadings to conform to the evidence).

In addition to satisfying Rule 16, Wexford also satisfies Rule 15, as it must. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility." *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1434 (3d Cir. 1997). "As to prejudice, the Court of Appeals has 'considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Graham*, 271 F.R.D. at 123 (quoting *Cureton*, 252 F.3d at 273). Addressing delay, Wexford was served with Plaintiff's expert report in late October of 2015. Butler Health and the Hospital settled with Plaintiff the following week.[9] This motion was brought within two months of that settlement (after a request for a copy of the Release which was not provided). Similarly, the record does not support the motion being brought with dilatory intentions. Further, there is

---

Super. 1984). "Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits." *Gallo v. Yamaha Motor Corp.,* 484 A.2d 148, 150 (Pa. Super. 1984). A trial court enjoys broad discretion in evaluating amendment petitions. *Horowitz v. Universal Underwriters Ins. Co.,* 580 A.2d 395, 398 (Pa. 1990), *allocatur denied,* 590 A.2d 297, and 590 A.2d 298 (Pa. 1991).

*Capobianchi v. BIC Corp.*, 666 A.2d 344, 346 (Pa. Super. 1995).

[9] To the extent that Butler and the Hospital argue that they may not have settled if they had known that Wexford would assert a cross-claim, and that such actions may hinder the Court's policy of encouraging early settlement, the Court acknowledges that it must balance competing interests. However, this scenario plays out repeatedly in state court medical malpractice litigation. Experienced defense counsel, as we have here, could have anticipated same. Likewise, the neutral, a former state trial judge and an equally skilled litigator in the medical malpractice arena, would have in—all likelihood—known of this potentiality.

no bad faith that the Court can see. Prejudice has already been addressed. And, the motion is not futile—it is appropriate given the Act.

The authority cited by Butler Health and the Hospital to the contrary is unpersuasive. The facts of *Eastern Minerals* are distinguishable from the instant case in that Wexford is not attempting to add a claim that has not already been brought against Butler Health and the Hospital. Wexford is asserting its right under the Act for apportionment of liability. Its cross-claim is akin to that already asserted by Plaintiff. Defendants' reliance on *Transamerica* is equally unpersuasive. In *Transamerica*, plaintiff sought to amend its pleadings more than a year after the scheduling order deadline for amendments, and almost two and a half years after the suit was filed by plaintiff. *Transamerica Life Ins. Co*., 590 F.Supp.2d at 1096. The district court in *Transamerica* noted that it was proper to analyze plaintiff's motion under the good cause standard of Rule 16(b) and denied the motion noting the untimeliness of plaintiff's motion, and the fact that plaintiff had actually considered adding the defenses in its earlier pleadings that it sought to include by motion over two years later. *Id.* at 1099-1106.

This Court's research reveals other cases that are analogous to the instant case and thus are more persuasive. In *Grill v. Aversa*, defendants sought leave to file an amended answer with affirmative defenses and counterclaims to the plaintiff's amended complaint. 2014 WL 198805 at *1 (M.D.Pa. Jan. 15, 2014). The case management order fixed September 17, 2012 as the deadline for amending pleadings. *Id*. at *3. Defendants' request came after substantial discovery was exchanged. *Id.* at *1. Defendants sought the plaintiffs' concurrence to file the amended answer approximately one month after discovery closed, and shortly after they first learned of new facts. *Id.* at *2. As such, the district court found that the motion should be granted under both Rule 15(a) and Rule 16(b). *Id.* at *4. Like defendants in *Grill*, Wexford is seeking

permission to file an amended answer approximately two months after the close of discovery, and shortly after learning that Plaintiff's expert opines Guidos' condition was reversible upon being admitted to the Hospital.

Similarly where Defendant Walmart filed a motion to amend its answer for a second time in order to assert cross-claims for contribution and indemnification against Defendant Hallmark, the motion was granted in *Schreck v. Walmart*, 2009 WL 4800225 at *1 (D.N.J. Dec. 8, 2009). Defendant Hallmark opposed the motion as untimely and beyond the date for amending the pleadings set forth in the scheduling order. *Id.* Counsel for Defendant Walmart admitted that failure to assert the cross-claim was simple inadvertence. *Id.* The court found that in the context of the case, inadvertence was enough to constitute "good cause" for purposes of Rule 16(b), and that addition of the cross-claim would cause no delay to the proceedings or prejudice to Defendant Hallmark. *Id.* at *2. If, under Rule 16(b), inadvertence can be found to be sufficient to constitute good cause, then obtaining new material information should also constitute good cause to assert a cross-claim against defendants that recently settled with plaintiff, especially when that cross-claim does not prejudice those defendants. For these reasons, Wexford's motion should be granted.

VI.    CONCLUSION

For all of the foregoing reasons, Defendant Wexford's Motion for Leave to Amend Answer to Complaint is GRANTED. Defendant Wexford shall file an Amended Answer to Plaintiff's Amended Complaint by March 14, 2016.


*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record