# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNN GREYGOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-1254 |
| v. | ) | |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | Judge Nora Barry Fischer |
| and BUTLER COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Following consideration of the Motion to Excuse Counsel from Attendance at Trial (Docket No. 101), the Response in opposition (Docket No. 104), the parties' supplemental filings (Docket Nos. 113 and 117), and oral argument (Docket No. 122), the Court will GRANT said Motion.

## I. MEMORANDUM

Presently before the Court is the Motion to Excuse Counsel from Attendance at Trial (Docket No. 101) filed by Butler Health System, Inc. and Butler Healthcare Providers t/d/b/a Butler Memorial Hospital (*collectively* "Butler Health") on June 9, 2016. Butler Health believes that the November 19, 2015 Confidential Joint Tortfeasor Release (Docket No. 92-1) executed by Plaintiff relieves Butler Health of the burden of future litigation. Wexford Health Sources, Inc. ("Wexford") filed a Response (Docket No. 104) on June 13, 2016, objecting to the Motion due to the potential prejudice caused by jury confusion over the absence of counsel for Butler Health at trial. If counsel for Butler Health is excused, Wexford believes that a special instruction should be given to the jury to explain the absence. The matter is now fully briefed

(Docket Nos. 101, 104, 113, 117), and oral argument was held on July 19, 2016. (Docket Nos. 119, 122).

In Pennsylvania, "the Commonwealth's policy has always been that settlements shall be encouraged and parties need all incentives available to end litigation on an amicable basis." *Baker v. AC&S, Inc.*, 729 A.2d 1140, 1152 (Pa. Super Ct. 1999). Moreover, "[t]he potentially dramatic effect of pointing at an acquiescent defendant is not a sufficient reason to force [the settling defendant] to bear the additional expense of appearing at trial after settling with plaintiff and after signing a release that provides [the non-settling defendant] with all the economic benefits which [the non-settling defendant] could have achieved after a trial in which [the settling defendant] was present." *Young v. Verson Allsteel Press Co.*, 524 F.Supp. 1147, 1152 (E.D. Pa. 1981). However, the Court notes that the Pennsylvania Suggested Standard Civil Jury Instructions' comments regarding settling defendants indicate that a jury instruction may be warranted "where ample and competent evidence is presented against the settling defendants at trial." Pa. Suggested Standard Civil Jury Instructions § 2.110 (Mar. 2008) (citing *Herbert v. Parkview Hosp.*, 854 A.2d 1285, 1288 (Pa. Super. Ct. 2004)). The following language is advised in such cases:

> When this case started, the plaintiff claimed that [name of defendant] caused the plaintiff's harm. That defendant is no longer involved in this case.
>
> You should not consider that fact and should not speculate why the defendant is no longer involved in this case.

*Id.*

The Court also finds instructive the case of *Fillebrown v. Steelcase, Inc.*, in which a settling defendant was not represented at trial. In lieu of the settling defendant's appearance, the District Court gave the following instructions to the jury at the outset of the trial:

> During the course of the trial you'll hear the names of [settling defendants]. [Settling defendants] manufactured and supplied the chair's metal spindle…Although [settling defendants] will not appear and will not be represented during the course of the trial, you may be called upon to evaluate their involvement and to allocate their responsibility for this occurrence despite their absence.
>
> You're not to speculate as to the reason for their absence. Such speculation plays no role in the fact-finding process.

63 F.App'x 54, 58 (3d Cir. 2003). At the close of evidence and following the arguments of counsel, the District Court gave one more instruction:

> I remind you that [settling defendants] manufactured the spindle. Should you find that a manufacturing defect exists, you may have to apportion the responsibility for that defect among [all defendants].
>
> Each of their proportionate share of fault as determined by you, the jury, shall be expressed in percentages with the assumption that the total shares equal 100 percent. Thus, if it is determined that [non-settling defendant's] proportion of the chair at fault is ten percent, the [non-settling defendant] shall be responsible for ten percent of the damages as determined by the jury. Conversely, if [non-settling defendant's] proportionate share of fault is 90 percent, then [non-settling defendant] shall be responsible for 90 percent of the damages as determined by the jury.

*Id.* at 58. The District Court went on to state that "the jury should assess [settling defendants'] responsibility after determining the total amount of damages that would fairly compensate plaintiff for his loss and that the jury should not speculate about the reasons for [settling defendants'] absence before the court." *Id.* The Third Circuit Court of Appeals found this instruction to be adequate to prevent prejudice to the non-settling defendant. *Id.* at 57 – 59.

Additionally, facing similar circumstances in *Gustine Uniontown Assoc., Ltd. v. Anthony Crane Rental, Inc., et al.*, GD 99-012166 (June 24, 2009) (Docket No. 113-1), Judge R. Stanton Wettick, Jr. of the Court of Common Pleas of Allegheny County, Pennsylvania held that he would instruct the jury regarding the settling defendant's absence from trial thusly:

3

> [T]he court will explain to the jury that this case involves the plaintiff's claims against the defendants who are present to offer a defense and the defendant who is not present, and that it will be the responsibility of the jury to determine the percent of causal negligence of both the defendants who are presenting a defense and the defendant who is not doing so. In addition, counsel for the nonsettling defendants will advise the jury in their opening and closing statements that in deciding who is responsible for the accident, the jury should take into account evidence that these defendants will offer (or did offer) showing that the defendant on the jury slip who was not present was solely, or partially, responsible for the accident.
> 
> \*\*\*
> 
> [T]here is no reason to believe that the jurors cannot understand or will ignore the Court's instructions that the jury must allocate liability as to both the defendants who presented a defense and the defendant who was not present.
> 
> \*\*\*
> 
> No explanation will be given to the jury by the court or by the other attorneys as to why the settling defendant's counsel did not present a defense.

*Id.* at 5.

In the instant matter, Wexford advances two recommendations to the Court for jury instructions:

> (1) Butler Memorial Hospital Defendants, including the Butler Health System, Inc. and Butler Health Care Providers t/d/b/a Butler Memorial Hospital, have chosen not to contest the claims against them in this Trial or present evidence on their own behalf.
> 
> (2) The Butler Memorial Hospital Defendants, including the Butler Health System, Inc., and Butler Healthcare Providers t/d/b/a Butler Memorial Hospital, have informed the Court that they do not intend to contest the claims and crossclaim against them in this trial, and do not intend to present evidence on their own behalf while remaining as defendants in the case and parties against whom you may possibly render a verdict at the conclusion of this case.
> 
> They have requested to be excused from appearing in this court based on their choices, and I have excused their attorneys from appearing in court and participating in this trial.

(Docket No. 113 at 2 – 4). However, in light of the Pennsylvania Suggested Standard Civil Jury Instructions and the instructions provided in *Fillebrown* and *Gustine*, Wexford's proposals appear to be out of step with the neutral, non-suggestive instructions approved by the Third

4

Circuit and Judge Wettick. Indeed, Wexford's instructions could be interpreted as implying that Butler Health has no interest in its actual liability, or is conceding to its liability. Such an inference, if drawn by the jurors, could unfairly sway any apportionment of damages among all of the defendants. Instead, the Court's instructions on this matter should *minimize* the likelihood of this sort of speculation.

> Consequently, the Court will provide the following instruction to the jury:
>
> During the course of the trial you will hear the names of Butler Health System, Inc. and Butler Healthcare Providers t/d/b/a Butler Memorial Hospital. In her Complaint, Plaintiff indicated that both of these entities were responsible, at least in part, for the death of Derek T. Guidos. While still named as defendants in this case, neither party will participate in the trial. You are not to speculate as to the reason for their absence. Such speculation plays no role in the fact-finding process. Your only duty as jurors will be to determine what – if any – responsibility for the death of Derek T. Guidos is attributable to each defendant, whether or not they participated at trial.

This statement will be incorporated into the preliminary jury instructions, as well as the final jury instructions.

## II. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the Motion to Excuse Counsel from Attendance at Trial [101] is granted.

IT IS FURTHER ORDERED that the above instruction regarding the absence of counsel for Butler Health at trial shall be incorporated into the preliminary and final instructions to the jury.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: September 13, 2016.
cc/ecf: All counsel of record.